[No. 10375.  Department One.  July 17, 1912.]

GEORGE E. HOBSON, *Respondent*, v. GEORGE L. MARSH, *Appellant*.[1]

CORPORATIONS—STOCK—ILLEGAL ISSUE—LIABILITY TO BONA FIDE PURCHASER. A corporation being liable to an innocent purchaser of an illegal issue of stock, the transfer of such stock to the corporation by a *bona fide* purchaser, in consideration of reimbursement of the purchase price paid, in the shape of a promissory note of the company, amounts to a surrender of the stock, in settlement of the company's liability.

BILLS AND NOTES—CONSIDERATION—ACCOMMODATION INDORSEMENT. Where a *bona fide* purchaser of illegally issued stock surrendered the same to the corporation in consideration of the promissory note of the company, due in three months, indorsed by another, the acceptance of the note is a settlement of the cause of action against the corporation and an extension of time for payment of the debt, and is a sufficient consideration for the note as between the payee and an accommodation indorser.

SAME. In such a case, that the illegal stock was retained as security for the payment of the debt, or that the stock certificate was void, does not affect the consideration for the note.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered February 7, 1912, upon findings in favor of the plaintiff, in an action upon a promissory note, after a trial to the court.  Affirmed.

*B. L. Hubbell*, for appellant.

*J. E. Stone* and *Shirley D. Parker*, for respondent.

GOSE, J.—This is a suit upon a promissory note. The plaintiff acquired title to the note after its maturity. The defendant is an accommodation endorser for the Perth Coal Mining Company, a corporation. The defense relied on is that the note was given for fifty shares of the capital stock of the coal company; that such stock was an overissue, and void; and hence that there was no consideration for the note.

[1]Reported in 124 Pac. 912.

There was a judgment for the plaintiff. The defendant prosecutes the appeal.

The note was drawn July 2, 1910, due ninety days after date, made by the Perth Coal Mining Company, a corporation, and endorsed by the appellant before delivery. The corporate name was subscribed to the note by the appellant as its vice president. The stipulated facts are, that the note was given to one Henry Muck, and endorsed by him to the respondent after its maturity; that the consideration for the note was the "transfer to the said Perth Coal Mining Company, or to the defendant herein, of a certificate of stock" issued by the coal company; that the stock was an overissue in excess of the capital stock of the corporation as prescribed by its articles of incorporation; that Muck paid $500, the face value of the note, for the stock, "and was a *bona fide* purchaser thereof;" and that, at the time of the making of the note, both the appellant and Muck knew that the stock was an overissue. The appellant testified, that "we were all mixed up in a coal deal;" that he thought he was going to get the money for all the stockholders; that he was acting as agent for the corporation and was collecting the stock and giving notes therefor.

While the transaction is referred to in the stipulation as a transfer to the corporation or to the appellant, it is clear that it was intended to be, and was, a surrender of the stock to the corporation, the consideration being the repayment to Muck of the purchase price of the stock. An innocent purchaser of an illegal issue of stock has a right of action against the corporation for reimbursement. 10 Cyc. 373, 444; *Dreyfus Min. Co. v. Willard*, 46 Wash. 345, 89 Pac. 935. The acceptance by Muck of a note maturing in three months was, in effect, a settlement of his cause of action against the corporation and an extension of the time of payment of his demand, and was a sufficient consideration as between him and the appellant. It is familiar law that a contract which is to the advantage of one of the parties or to

the disadvantage of the other, such as the extension of the time of payment of a demand, is a sufficient consideration to support the promise of a third party.

It is further stipulated that the certificate of stock was to be held by Muck until the note had been paid. It is argued that that fact shows that there was no consideration for the note. On the contrary, it merely shows that the legal title to the certificate was to be held as security for the payment of the note. No reason is suggested, and none occurs to us, why such an arrangement was not legal between the parties to the contract.

It is further argued that the stock certificate is void, and that the sale of an absolutely void chose in action will not form any consideration for a promise. It may be conceded that the certificate is void. Const., art. 12, § 6; 87 Am. St. 847, note 1. The transaction, however, was not a sale of the stock, but a surrender to the corporation that had unlawfully issued it, and it was legally obligated to reimburse the purchaser.

The judgment is affirmed.

CROW, PARKER, and CHADWICK, JJ., concur.